UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

**KEVIN NORA**

**(PLAINTIFF)**


V.                                                           Civil Action No. 3:19 CV-2738-M


**CUSHMAN & WAKEFIELD,**

**AKA C&W,**

**DEFENDANTS**


**PLAINTIFF'S FIRST AMENDING AND SUPPLEMENTAL PETITION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. 2000e, et seq., AND FOR DAMAGES**

Now comes the Plaintiff, Kevin Nora (American of African descent), appearing herein Pro Se, of the full age of majority, residing and domiciled in The Colony, Texas, who for complaint against the Defendant says:

1.

This court has original jurisdiction over the subject matter and parties to this lawsuit because there is diversity between the parties, and a federal question is raised under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq, and pursuant to 28 U.S.C. 1331 and 1332. This court has pendant or supplemental jurisdiction over all state

1

claims arising out of the same nucleus of operative facts in this case pursuant to 28 U.S.C. 1367.

2.

The Defendant, Cushman&Wakefield (aka "C&W Sefvices Division (FTW6")), is a Massachusetts corporation, and was licensed to and doing business in the State of Texas, Denton County at all times germaine to the facts, acts, ommissions and wrongs alleged to have occurred by Defendant in this case.

3.

Plaintiff was employed by Defendant on about March of 2018 and continue in employment until he was suspended without pay on about April 26, 2019; and subsequently terminated on about May 7, 2019 allegedly for "Time Theft." Plaintiff's last position and title was Material Handling Equipment Technician (MHD-1).

4.

At all times germaine herein to the alleged facts leading to Plaintiff's suspension and termination of employment, Plaintiff's lead supervisor was a person known as "Joe Wages" (Wages), a white male. One successively higher supervisor or manager was Jacob (Jake) Ferrell (Ferrell), white male, Assistant Maintenance Manager. Plaintiff was suspended and subsequently and wrongfully terminated because of his race or color (black), and because

of his age (54 at time of termination) by John Stancak (Stancak), white male, Assistant Maintenance Manager on about May 7, 2019.

5.

In late January or early February of 2019, Russel Rogers directed me to assist Elijah _____ (Elijah) Assistant Maintenance Manager, at Defendant's FTW2 location.

6.

On about mid-March of 2019, Plaintiff and a co-employee, Jason Cox (Cox), a white male about age 34 at the time of occurrence, were directed by Charlie Logan (Logan), Asst. Maintenance Manager, to leave my customary place of employment and go to location FTW2 to assist an employee named Elijah _____ for two (2) consecutive days at 1.5 hours each day.

7.

On or about March 26, 2019, Plaintiff was working with a co-employee, Gershon Jessie (Jessie) were working in location FTW-6 when Wages paged Jessie two (2) or three (3) times to leave his critical assignment which could not be stopped at the risk of loss of job and loss of money to Defendants. Jessie told Wages he could not leave his post due to critical nature of the work he was performing.

8.

Plaintiff sought to help Wages out in Jessie's place due to other employees catching Plaintiff's slack temporarily, and walked about one thousand or more feet (about 1/4th mile) to see what assistance Wages needed. Upon arriving at Wage's location Plaintiff discovered that what Wages wanted done was to provide a 7/16th wrench to remove a guard rail because other technicians in Wages' area didn't have a wrench. Plaintiff provided his wrench. Plaintiff thereafter chimed Wages to confidentially suggest that Wages could better assist all workers by taking care of a "wrench" problem, himself, instead of pulling workers being tasked and pressed to near human limits from their positions.

9.

Later, Wages complained to Eric Lax (Lax) another lead person that Plaintiff was Lax's "girlfriend" and derogatorily referred to Plaintiff as "brother man."

10.

On about April 26, Plaintiff was verbally suspended over the telephone by John Stancak allegedly for Time Theft. On about May 7, 2019, Plaintiff was terminated by telephone call. Thereafter Plaintiff received a letter from Defendant stating that he was terminated and to turn in all Defendant's equipment.

11.

Shortly after receiving the letter of termination, Plaintiff applied for unemployment benefits with the Texas Workforce Commission and was initially approved for unemployment compensation benefits on about May 30, 2019. Thereafter, on about September 13, 2019, the Texas Workforce Commission made a final determination that Defendant employer fired Plaintiff "for a reason that was not connected with the work." That decision was not appealed and is now final.

12.

Plaintiff shows that another similarly situated black co-employee, Jessie, was terminated at the same time, apparently for the same reason(s). Plaintiff believes and alleges that his employment was terminated based upon intentional discrimination because of his race (black), and because of his age, 54. Plaintiff further alleges that Defendants have intentionally engaged in unlawful employment practices based upon race, causing him to suffer certain damages including, but not limited to

a. intentional infliction of emotional distress and anguish by crude racially motivated comments by the lead supervisor to injure Plaintiff's employment, reputation and dignity;
b. past, present and future lost wages which are subject to accurate determination;

c. humiliation, outrage and embarassment; and

d. such other and further damages, injuries and losses as may be proved at trial of this matter.

13.

13.

Plaintiff alleges that his injuries, losses, and damages are continuing and that may reasonably be expected to exceed $100,000.00 (ONE HUNDRED THOUSAND DOLLARS); and therefore requests a trial by jury.

WHEREFORE, Plaintiff prays that after all due proceedings be had, judgment enter herein in favor of Plaintiff, KEVIN NORA, and against the Defendant, CUSHMAN AND WAKEFIELD on the grounds of unlawful employment discrimination based upon Plaintiff's race or color; and because of his age in violation of Title VII, 42 U.S.C. 2000e, et seq. and awarding Plaintiff reasonable damages in the premises for:

a. Trial by Jury;

b. Past, present and future lost wages according to proof;

c. Damages for intentional infliction of emotional distress;

d. All costs be assessed against Defendants;

e. Reasonable attorney's fees; and

f. Such other and further relief in favor of Plaintiff and against Defendants as permitted in law and equity.

Respectfully,

Kevin Nora, Pro Se Plaintiff

6456 Branchwood Trail

The Colony, Texas 75056

(214) 900-8503

Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff's First Amending and Supplemental Petition has been duly served upon Defendant by delivering a copy in the U.S. mail, first class postage prepaid and properly addressed to its attorney of record, Mr. Paul E. Hash, Esq., Jackson Lewis P.C., 500 N. Akard, Suite 2500, Dallas, Texas 75201, on this __17__ day of __December__, 2019.

BRIAN KNIGHT
Notary ID #131641295
My Commission Expires
July 13, 2022

December 17, 2019

7